IN THE SUPERIOR COURT OF GUAM



FILED
SUPERIOR COURT
OF GUAM

2013 AUG 15 AM 11: 06

CLERK OF COURT

BY: _____

| | |
|---|---|
| QUALITY DISTRIBUTORS,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC RESTAURANTS, LLC dba CHILI'S GUAM and BRIAN ARTERO,<br><br>Defendants.<br><br>PACIFIC RESTAURANTS, LLC dba CHILI'S GUAM,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>QUALITY DISTRIBUTORS,<br><br>Counterclaim-Defendant. | Civil Case No. CV498-11<br><br>DECISION AND ORDER:<br>Plaintiff/Counterclaim Defendant's Objection to Competency of Judge Pursuant to 7 G.C.A. § 6105(a) and § 6107 |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 6, 2013, on Plaintiff Quality Distributor's Objection to Competency of the Honorable Maria T. Cenzon to preside as judge in the above captioned case. Attorney Michael J. Berman represented Plaintiff Quality Distributors. Attorney Joyce C.H. Tang represented Defendants Brian Artero and Pacific Restaurants, LLC dba Chili's Guam. The Court now issues its written decision.

## BACKGROUND

On February 8, 2013, the Honorable Maria T. Cenzon submitted a Notice of Disqualifying Facts pursuant to 7 G.C.A § 6106. Attached to the Notice was a Memorandum stipulating that, while employed as an attorney with the Law Office of Mair, Mair, Spade & Thompson (hereinafter "MMST"), Judge Cenzon had "provided legal advice and/or

Page 1 of 7
Quality Distributors v. Pacific Restaurants, LLC dba Chili's Guam (CV 498-11)
Decision and Order: On Plaintiff/Counterclaim Defendant's Objection to Competency of
Judge Pursuant to 7 GCA § 6105(a) and § 6107

consultation to Brian Artero on behalf of Pacific Dining LLC . . . but not on a matter relating to the dispute currently before the court." Judge's Notice of Disqualifying Facts (Feb. 8. 2013). On February 11, 2013, Plaintiff filed its Objection to Competency of Judge pursuant to 7 GCA § 6105(a) and § 6107, arguing that because the Honorable Judge was employed as an attorney who had represented the Defendant in a previous matter prior to her appointment to the bench, her impartiality may be subject to question. Pl's Objection to Competency at ¶¶ 1-3.

On February 15, 2013, Defendants filed a Non-Objection to Appointment of Judge, arguing that the law firm in which the Honorable Judge was previously employed represented the Defendant in an unrelated matter and does not warrant the Judge's recusal. Def's Non-Objection (Feb. 15, 2013). On February 21, 2013, Judge Cenzon submitted her Response to Motion to Objection to Competency of Judge. In her response, the Honorable Judge indicated that she did "personally meet with and communicate both in person and by email with Mr. Artero in his capacity as the representative of Pacific Dining, LLC dba Lone Star Steakhouse." Judge's Resp. to Mot. to Objection (Feb. 21, 2013).

Pursuant to 7 GCA § 6107, the matter was brought before this Court for the determination of Judge Cenzon's disqualification, and on May 28, 2013, this Court requested for Defendant Artero to submit the invoice relating to work performed by MMST. Per the Court's request, Defendant filed a Notice of Submission of Invoices. On May 31, 2013, Plaintiff filed its Response Memorandum to Defendant's Notice, arguing that Defendant's notice qualifies as hearsay under Guam Rule of Evidence 802 due to the fact that it lacked a sworn testimony. Pl's Resp. Mem. To Def's Notice at 2 (May 31, 2013). Furthermore, Plaintiff expressed suspicion that more invoices may be available that disclose the involvement of more legal services provided by Judge Cenzon. Id. In support of this concern, Plaintiff noted that

Page 2 of 7
Quality Distributors v. Pacific Restaurants, LLC dba Chili's Guam (CV 498 11)
Decision and Order: On Plaintiff/Counterclaim Defendant's Objection to Competency of Judge Pursuant to 7 GCA § 6105(a) and § 6107

Defendant's initial statements regarding Judge Cenzon's involvement made in their Non-Objection to Judge's Competency contradicted the Honorable Judge's assertion in her Response to Motion that she had actually met with Defendant Artero personally, communicated with him both in person and by email, and provided him with legal services. Judge's Resp. to Mot. to Objection (Feb. 21, 2013). This Court placed the matter under advisement of June 6, 2013.

## DISCUSSION

At issue before this Court is Plaintiff's Statement of Objection to Competency of Judge Cenzon Pursuant to 7 GCA § 6105(a) and §6107. It is noteworthy to mention that a statement of objection is not a motion, and for this reason, the determination of a judge's disqualification falls outside the usual law and motion procedural rules. *People v. Johnny*, 2006 Guam 10 ¶ 9 (citing *Urias v. Harris Farms Inc.*, 285 Cal.Rptr. 659, 662 (Ct. App. 1991)). Judicial disqualification on Guam is governed by 7 GCA § 6105 and § 6107. Section 6105 provides the substantive grounds under which judges and justices are required to disqualify themselves, while section 6107 provides the procedural framework required for disqualification. *People v. Tennessen*, 2010 Guam 12 ¶ 8. Under *Johnny*, disqualification is generally decided based on two primary aspects of the challenging party's statement of objection: its formal validity and its legal sufficiency. These two issues will be discussed separately.

### A. Formal Validity of the Statement of Objection

The first issue this Court will address is whether the Plaintiff's Statement of Objection is formally valid under § 6107. "By its terms, section 6107 requires that statements of objection (1) 'be served . . . on the Justice or Judge alleged in such statement to be disqualified,' (2) 'be verified in the manner prescribed for the verification of pleadings,' and (3) 'be presented at the earliest practicable opportunity . . . .'" *Johnny*, 2006 Guam 10 ¶ 11.

Page 3 of 7
Quality Distributors v. Pacific Restaurants, LLC dba Chili's Guam (CV 498-11)
Decision and Order: On Plaintiff/Counterclaim Defendant's Objection to Competency of Judge Pursuant to 7 GCA § 6105(a) and § 6107

The first requirement under § 6107 is that the Judge be personally served. "Copies of such written statements shall forthwith be served by the presenting party on each party, or his or her attorney, who has appeared in the action or proceeding and on the Justice or Judge alleged in such statement to be disqualified." 7 GCA § 6107 (2005). In *Johnny*, the Court held that an objecting party is required to personally serve its statement of objection upon the challenged judge. 2006 Guam 10 ¶ 15. In this pending matter, this Court recognizes that the case file contains a stamp-received copy of Plaintiff's Objection to Competency. The stamp indicates that the objection was "Received in Chamber" on February 12, 2013. Furthermore, in Judge Cenzon's Response to Motion to Objection to Competency of Judge, the Honorable Judge stipulated that she had received the motion from Counsel for the Defendant on the above mentioned date. Notwithstanding the fact that the file contains no other indication of whether Judge Cenzon was served "personally," this Court is of the opinion that, in light of the evidence provided within the file, service upon the Honorable Judge was sufficient under § 6107.

The next requirement under § 6107 is that the statement of objection be "verified in the manner set forth in 6 GCA § 4308." Id. The statute, in relevant part, reads as follows:

> Whenever, under any law of Guam or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath or affidavit, in writing of the person making the same . . . . [S]uch matter may, with like force and effect, be supported, evidenced, established or provided by the unsworn declaration, certificate, verification or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . .

6 GCA § 4308 (2005).

Furthermore, the answer must also be verified in the same manner prescribed for the verification of pleadings under § 4308. *Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 6 (citing 7

Quality Distributors v. Pacific Restaurants, LLC dba Chili's Guam (CV 498-11)
Decision and Order: On Plaintiff/Counterclaim Defendant's Objection to Competency of
Judge Pursuant to 7 GCA § 6105(a) and § 6107

GCA § 6107). "If an answer is not verified, then the answer is inadequate and may be disregarded." *Id.* (citing *Johnny*, 2006 Guam 10 ¶ 11). In the instant case, it appears that Plaintiff's Objection complies with the verification standard set forth in § 4308. Judge Cenzon's answer, however, does not appear to comply with the statute, as it does not indicate that the Honorable Judge declares "under penalty of perjury" that the statements made in her answer were true and correct. For the aforementioned reason, this Court finds Judge Cenzon's answer to be procedurally defective and, hereinafter, stricken. [1]

The final requirement under § 6107 is that the Statement of Objection be presented in a timely fashion. "[C]ourts have held that a challenged judge may strike a statement of objection if it is not presented at the 'earliest practicable opportunity.'" *Johnny*, 2006 Guam 10 ¶ 15 (citing *People v. Berman*, 4 P.2d 226, 228 (Cal.Dist.Ct.App. 1931)). In the instant case, Judge Cenzon submitted her Notice of Disqualifying Facts on February 8, 2013. The Plaintiff submitted its Objection to Competency of Judge the following business day, February 11, 2013. Plaintiff's Objection was then received by Judge Cenzon's chambers on February 12 2013. In light of the aforementioned facts, this Court is of the opinion that Plaintiff's Statement of Objection was presented at the earliest practicable opportunity pursuant to § 6107.

Based on the foregoing, this Court finds that Plaintiff's Statement of Objection to Judge's Competency is formally valid under § 6107. Furthermore, because Judge Cenzon's answer was not verified in the same manner prescribed for the verification of pleadings, this Court finds the Honorable Judge's answer stricken, signifying the Judge's consent to disqualification.

---

[1]  Under *Van Dox*, the Court held that Judge Unpingco's failure to verify his answer in the manner prescribed for the verification of pleadings was deemed as consent to his disqualification.

Page 5 of 7
Quality Distributors v. Pacific Restaurants, LLC dba Chili's Guam (CV 498 11)
Decision and Order: On Plaintiff/Counterclaim Defendant's Objection to Competency of
Judge Pursuant to 7 GCA § 6105(a) and § 6107

## B. Legal Sufficiency of Statement of Objection

The next issue this Court will address is whether the Plaintiff's Statement of Objection is legally sufficient under 7 GCA § 6107. Notwithstanding the fact that Judge Cenzon's answer to Plaintiff's Objection was stricken by this Court, the substantive merits of the case must still be taken into consideration. In *Johnny*, the Supreme Court of Guam ruled that a "statement of objection which fails to allege any facts that would serve as grounds for disqualification under Guam law is defective." 2006 Guam 10 ¶ 19.

Plaintiff cites to 7 GCA § 6105(a) as grounds for Judge Cenzon's disqualification. The applicable statute reads as follows:

**§ 6105. Grounds for Disqualification.**

(a)     Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete disclosure to all parties in the proceeding of the reasons for disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

7 GCA § 6105(a) (2005).

In the instant case, Plaintiff argues that because Judge Cenzon represented Defendant Artero as an attorney in private practice prior to being assigned to the case at hand, her impartiality might reasonably be questioned. Defendant argues that the case in which the Honorable Judge represented Defendant Artero has no relation to the matter before this Court. It is Plaintiff's position, however, that the previous case and the current case involve similar issues regarding contract interpretation and terms of an agreement.

In reviewing the facts and procedural history of this case, it is the opinion of this Court that Plaintiff's Statement of Objection is legally sufficient and sets forth reasonable grounds for the disqualification of Judge Cenzon. Under *Dizon v. Superior Court*, while no actual showing

Page **6** of **7**
Quality Distributors v. Pacific Restaurants, LLC dba Chili's Guam (CV 498-11)
Decision and Order: On Plaintiff/Counterclaim Defendant's Objection to Competency of
Judge Pursuant to 7 GCA § 6105(a) and § 6107

of bias is necessary for recusal, it is the appearance of bias or prejudice which should be of concern. 1998 Guam 3 ¶ 8 (citing *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 1154 (1994)). "[A] reasonable person standard must [also] be applied to determine whether recusal is necessary." *Id*. Notwithstanding the fact that Judge Cenzon previously represented Defendant Artero in a matter unrelated to the instant case, the fact that the Honorable Judge represented said Defendant in a case regarding a similar issue and while Defendant was acting in his capacity as the representative of Pacific Dining, LLC leads this Court to believe that a reasonable person may find the appearance of bias or prejudice present in this case.

In the interest of justice, and for the reasons stipulated above, this Court finds that recusal of Judge Cenzon from presiding over this pending matter is appropriate.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, this Court ACCEPTS Plaintiff's Statement of Objection as valid and STRIKES Judge Cenzon's unverified Response to Statement of Objection. Accordingly, this Court GRANTS Plaintiff's Objection to the Competency of the Honorable Maria T. Cenzon to preside as judge in the above captioned case.

**SO ORDERED** this _15_ day of AUGUST, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 15 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

Quality Distributors v. Pacific Restaurants, LLC dba Chili's Guam (CV 498-11)
Decision and Order: On Plaintiff/Counterclaim Defendant's Objection to Competency of Judge Pursuant to 7 GCA § 6105(a) and § 6107